STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-112


MATTHEW MARTIN

VERSUS

MICHAEL J. NEUSTROM AS DULY ELECTED
SHERIFF OF THE PARISH OF LAFAYETTE


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-0772
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.


Stephen J. Oats
Kenneth M. Henke
Robin L. Jones
Oats & Hudson
100 E. Vermilion, Suite 400
Lafayette, LA 70501
(337) 233-1100
Counsel for Defendant/Appellee:
        Michael J. Neustrom, Lafayette Parish Sheriff

L. Clayton Burgess
Brenda B. Maturin
Attorneys at Law
P. O. Drawer 5250
Lafayette, LA 70502-5250
(337) 234-7573
Counsel for Plaintiff/Appellant:
        Matthew Martin

**DECUIR, Judge.**

Plaintiff appeals a judgment of the trial court dismissing his claim for false arrest against the Lafayette Parish Sheriff.

**FACTS**

At approximately 11:30 a.m. on February 19, 2003, Michelle Boutte, a 911 operator for Lafayette Parish, received an anonymous phone call stating that there was a bomb at the Lafayette Parish Correctional Center. The 911 computers indicated that the call originated from an active cell phone with the number (337) 212-1066. Boutte immediately returned the call and got a message which Matthew Martin acknowledged receiving on his cell phone. She left a message and indicated that the original caller should return the call at a designated number. Matthew's mother, Cheryl, returned the call from her land line and reported that everything was fine.

Toni Bodoin, the 911 supervisor, called Cheryl's land line. During the conversation, Cheryl lied about the previous call and was reluctant to give her address. Meanwhile, the bomb threat was relayed to the fire and sheriff's departments. Fireman, Kurt Bourg, called the cell phone number at 11:46 a.m. Matthew answered and identified himself and gave his address. Bourg told Matthew that someone would see him shortly. Detectives Jules Broussard and Josh Kaplan were dispatched.

When the detectives arrived, Cheryl was outside in her truck and at first refused to talk to them. She then told two different lies about where Matthew was. After informing her that they had talked to Matthew on the phone, they knocked on the door and Matthew answered. Matthew was taken to the Sheriff's office for questioning by Detective Stelly. Based on the information described above, Detective Stelly, determined that there was probable cause and placed Matthew under arrest.

A subsequent search of Matthew's home pursuant to a warrant, elicited the phone from which Matthew admitted deleting all incoming and outgoing calls.

Ultimately, the charges against Mathew were dismissed by the district attorney. Matthew filed this suit against the Sheriff of Lafayette Parish seeking damages for false arrest. At the close of the bench trial on the matter, the court concluded that the deputies had probable cause to arrest Matthew and dismissed his claim with prejudice. Matthew lodged this appeal.

## DISCUSSION

Matthew's lone assignment of error alleges that the trial court erred in finding that the deputies had probable cause to make the arrest and in dismissing his claim.

To establish a false arrest claim, the plaintiff must prove that the arrest was unlawful and that the unlawful arrest resulted in injury. *Saucier v. Players Lake Charles, L.L.C.*, 99-1196 (La.App. 3 Cir. 12/22/99), 751 So.2d 312, 316. In order to recover on a false arrest claim, the claimant must prove he was unlawfully detained by the police. *Zerbe v. Town of Carencro* , 04-422 (La.App. 3 Cir. 10/6/04), 884 So.2d 1224, *writs denied*, 04-2719, 04-2735 (La. 1/14/05), 889 So.2d 270, 271. To determine if an arrest is unlawful, the court must determine whether the deputies executing the arrest had probable cause. *Id.* Probable cause exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. *Gibson v. State of Louisiana*, 99-1730 (La.4/11/00), 758 So.2d 782, 788, *cert. denied*, 531 U.S. 1052, 121 S.Ct. 656 (2000). The facts need not eliminate all possible innocent explanations in order to support a finding of probable cause. *State v. Ceaser*, 02-3021 (La. 10/21/03), 859 So.2d 639.

2

In the present case, the evidence shows that the deputies had probable cause to arrest Matthew Martin. The deputies learned from the 911 operator that cell phone number 212-1066 was used to make a bomb threat, and they learned from firefighter, Kurt Bourg, that moments after the threat Matthew Martin answered a call to that cell phone number, identified himself and gave his address. Moreover, when the deputies arrived at the scene, Matthew's mother first refused to speak to them and then lied about Matthew being present at the home. Under these facts and circumstances, we find no error in the trial court's determination that the deputies had probable cause to arrest Matthew Martin. Accordingly, the arrest was lawful and the trial court properly dismissed Martin's claim.

## DECREE

For the foregoing reasons the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Matthew Martin.

**AFFIRMED**.